RAWLINSON, J.,
dissenting as to Part II:
The district court did not abuse its discretion in denying leave to amend because any amendment premised on a promissory estoppel claim would have been futile. See Chinatown Neighborhood Ass’n v. Harris, 794 F.3d 1136, 1144 (9th Cir.2015) (“Although leave to amend shall be freely giv *498 en when justice so requires, it may be denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiffs suit....”) (citation and internal quotation marks omitted).
Under California law, “promissory es-toppel is an alternative theory of recovery that enforces promises because the prom-isee has justifiably and foreseeably relied on the promise ...” Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc., 211 Cal. App.4th 230, 243, 149 Cal.Rptr.3d 440 (2012) (citation and internal quotation marks omitted) (emphasis added). Only the promisor is bound on a promissory estoppel claim. See Garcia v. World Sav., FSB, 183 Cal.App.4th 1031, 1041, 107 Cal. Rptr.3d 683 (2010). As discussed in Part I, ACP was the promisor in the letter agreement rather than the promisee. Accordingly, ACP could not have been induced to its detriment as a promisee, as required to state a promissory estoppel claim. See Douglas E. Barnhart, Inc., 211 Cal.App.4th at 243, 149 Cal.Rptr.3d 440. Because ACP cannot, consistent with the facts, assert that it is a promisee under the letter agreement, amendment would have been futile. See Chinatown Neighborhood Ass’n, 794 F.3d at 1144. I would affirm the district court decision in its entirety.